FILED
JUL - 7 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANSAR EL MUHAMMAD S/C TONEY BENNETT,

Plaintiff,

v.

A. SCHWARZENEGGER, Governor; et al.,

Defendants.

No. C 06-739 MHP (pr)

**ORDER OF DISMISSAL**

### INTRODUCTION

Ansar El Muhammad s/c Toney Bennett, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983, concerning defendants' alleged failure to comply with an injunction concerning parole revocation proceedings. The complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

In his complaint, plaintiff alleges that state officials "are not following the permanent injunction" in Valdivia v. Schwarzenegger, E. D. Cal. No. S-94-0671 LKK, concerning parole revocation. Complaint, p. 3. Plaintiff alleges that defendants are not offering substance abuse programs, parolees are being returned to custody for "minor violations," parolees are being charged "for cases that the court drop'd," the lawyers for the parole hearings do not arrive until the day of screening, and defendants are not complying with the 10-day rule for probable cause hearings. Id. In his prayer for relief, plaintiff requests that

1  defendants be ordered to follow the Valdivia injunction or be fined $100 per day for each day
2  they are in violation of it.

### DISCUSSION

4       A federal court must engage in a preliminary screening of any case in which a prisoner
5  seeks redress from a governmental entity or officer or employee of a governmental entity.
6  See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any
7  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,
8  or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C.
9  §1915A(b)(1),(2).

10       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
11  a right secured by the Constitution or laws of the United States was violated, and (2) that the
12  violation was committed by a person acting under the color of state law. See West v. Atkins,
13  487 U.S. 42, 48 (1988).

14       The complaint fails to state a claim for relief under § 1983. The complaint seeks
15  relief based on defendants' alleged failure to comply with the stipulated order for permanent
16  injunction entered in Valdivia, attached to the complaint. A remedial court order, standing
17  alone, cannot serve as the basis for liability under 42 U.S.C. § 1983 because such orders do
18  not create "rights, privileges or immunities secured by the Constitution and laws" of the
19  United States. Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial
20  decrees are means by which unconstitutional conditions are corrected but do not create or
21  enlarge constitutional rights); see also DeGidio v. Pung, 920 F.2d 525, 534-35 (8th Cir.
22  1990). To the extent plaintiff claims that the Valdivia injunction has been violated, he must
23  apply for relief in that case. As a California parolee, plaintiff apparently is a class member in
24  the Valdivia class action and therefore should seek relief by "urging further actions through
25  the class representative and attorney, including contempt proceedings, or by intervention in
26  the class action." Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).

27       Leave to amend the complaint will not be granted because it would be futile. As
28  noted above, plaintiff has no § 1983 claim based on a mere violation of the Valdivia

injunction. Although plaintiff does not actually allege that his parole was improperly revoked, that may be what he is attempting to plead in his complaint. However, he cannot assert a § 1983 claim for damages for any alleged improper revocation of parole because it would run afoul of a line of cases that bar a damages claim for unconstitutional imprisonment until the underlying erroneous decision is set aside. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence or other decision already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that plaintiffs cannot attack their convictions or other adjudications causing them to be incarcerated in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. Heck also bars a challenge to the validity of the confinement resulting from a parole revocation hearing until the parole board's decision has been reversed, expunged, set aside or called into question. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). Heck therefore would bar any damages claim for the alleged improper revocation of plaintiff's parole if such a claim would implicate the validity of the parole revocation decision.

Plaintiff must file a petition for writ of habeas corpus rather than a civil rights complaint to challenge an alleged wrongful parole revocation, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), but not until he exhausts state judicial remedies, Granberry v. Greer, 481 U.S. 129, 134 (1987).

3

## CONCLUSION

The complaint fails to state a claim upon which relief may be granted. The action is DISMISSED without prejudice to plaintiff seeking relief in the <u>Valdivia</u> action and without prejudice to him filing a petition for writ of habeas corpus if he wishes to challenge the revocation of his parole. In light of the dismissal of this action, plaintiff's motion for appointment of counsel is DENIED. (Docket # 3.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 6, 2006

Marilyn Hall Patel
United States District Judge